IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 00-00244-01-CR-W-NKL |
| ANTHONY LEE HUNTER, | ) | |
| Defendant. | ) | |

### ORDER

Pending before the Court is Anthony Lee Hunter's Motion to Correct Clerical Error or Oversight [Doc. # 39]. For the reasons set forth below, the Court denies Hunter's motion.

Hunter argues that although the February 3, 2005, journal entry states that the case matter was filed into records after being approved by the presiding judge, the matter was not actually disposed of without dispute as to the amount of good time served by the Defendant. Hunter asserts that he has not been credited for time served between May 31, 2001 and March 3, 2005. Thus, he requests that the Court amend the journal entry to correct this "clerical error" to include good time served.

Hunter is not contesting the legality or validity of his conviction and sentence by this Court; instead, he is claiming he is owed good time that was improperly omitted from the Court record. But, Hunter has not shown that either the Court or a plea agreement authorized the credit he now seeks or explains what specifically was omitted from the record. Further this type of motion is more appropriately brought through a habeas petition under 28 U.S.C.

1

§ 2241, which he has failed to do.  *See Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002).

Finally, and most importantly, Hunter has a complaint with the Bureau of Prisons, not with this Court or its imposition of sentence.  The United States Attorney General has delegated the authority to grant credit for time served to the Bureau of Prisons (BOP).  *See United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992).  Hunter is first required to exhaust his administrative remedies with the BOP.  *See Pope v. Sigler*, 542 F.2d 460, 461 (8th Cir. 1976).  However, he does not allege that he has made a formal complaint under the BOP's administrative procedures.  *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) ("Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time [the prisoner] has served, should such occur.").  Until Hunter exhausts his administrative remedies and receives an adverse decision, this Court has no authority to determine whether he should receive credit for time served.  *See Pardue*, 363 F.3d at 699; *see also Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999).  The issue of credit calculation for time served is first left with the BOP.  *See Pardue*, 363 F.3d at 699; 18 U.S.C. § 3623 (stating BOP calculates good time credit).

Once Hunter has exhausted his administrative remedies, and if the BOP fails to credit the time served, that failure is subject to challenge in federal court by filing a habeas petition under 28 U.S.C. § 2241.  *See Pardue*, 363 F.3d at 699 (citing *Rogers*, 180 F.3d at 358); *see also United States v. McMorris*, 224 F. App'x 549, 552 n.3 (8th Cir. 2007); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) ("Requests for sentence credit, or for

recalculation of time yet to serve, do not come under § 2255. They must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241, or perhaps a suit under the Administrative Procedure Act (to the extent 18 U.S.C. § 3625 permits).").

Because Hunter has not brought this motion under 28 U.S.C. § 2241, and also because he has not exhausted his administrative remedies, the Court denies Hunter's Motion to Correct Clerical Error or Oversight. Hunter's Motion for Hearing [Doc. # 40] is also denied as moot.

Accordingly, it is hereby

ORDERED that Hunter's Motion to Correct Clerical Error or Oversight [Doc. # 39] is DENIED. It is further

ORDERED that Hunter's Motion for Hearing [Doc. # 40] is DENIED.

> s/ Nanette K. Laughrey
> NANETTE K. LAUGHREY
> United States District Judge

DATE: November 2, 2007
Jefferson City, Missouri

3